IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN A. McLEOD,

    Plaintiff,

vs.                              Case No.: 4:14cv359-MW/CAS

MICHAEL CREWS, et al.,

    Defendants.
_____/

ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a motion requesting recusal.  Doc. 36.  The basis of this request is Plaintiff's displeasure with rulings made in this case.  *Id.*  That is not a sufficient reason for recusal pursuant to § 455.  28 U.S.C. § 455(b).  Generally, a judge's rulings are not valid grounds for recusal, Berger v. United States, 255 U.S. 22, 31, 41 S. Ct. 230, 232, 65 L. Ed. 481 (1921), nor is a party's dissatisfaction with adverse rulings grounds for recusal.  Peer v. Lewis, 571 F.App'x 840, 847 (11th Cir. 2014) (citing Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001) (noting that "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); *see also* Lawal v. RTM, 260 F.App'x 149, 152 (11th Cir. 2006).  Recusal is only required when an alleged bias is personal in nature.  Phillips v. Joint Legislative Comm., 637 F.2d 1014, 1020 (5th Cir. 1981), *cert. denied*, 456 U.S. 960

(1982).  There are no contentions of a personal bias stemming "from an extra-judicial source."  United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S. Ct. 1698, 1710, 16 L. Ed. 2d 778 (1966).  Plaintiff's motion, doc. 36, is denied.

Plaintiff has been required to file a second amended complaint.  Doc. 27. Plaintiff's objections to that Order, doc. 29, were overruled.  Doc. 30.  Thus, Plaintiff was required to file the amended complaint as ordered.  He did not comply but, instead, filed a notice of appeal.  Doc. 32.

As a courtesy to Plaintiff, another Order was entered, doc. 34, advising that a final appealable order had not yet been entered in this case.  Plaintiff was informed that his notice of appeal, doc. 32, did not deprive this Court of jurisdiction because an order that disposed of fewer than all the claims of all the parties to an action is not final or immediately appealable to the Court of Appeals unless the district court certified the order for immediate appeal under Fed. R. Civ. Proc. 54(b).  *See* 28 U.S.C. § 1291; Williams v. Bishop, 732 F.2d 885, 885-886 (11th Cir. 1984).  The Eleventh Circuit Court of Appeals did not acquire jurisdiction and Plaintiff was advised that his attempted interlocutory appeal was invalid.  Doc. 34.  Because Plaintiff is pro se and may have misunderstood that his "notice of appeal" did not deprive this Court of jurisdiction to proceed, Plaintiff was given a brief enlargement of time in which to submit the second amended complaint.[1]  *Id.*  Plaintiff's deadline for compliance was January 16, 2015.  *Id.* Plaintiff was clearly advised "that a Report and Recommendation may be entered to dismiss this case without further notice if Plaintiff [did] not comply with [that] Order."  *Id.*

---

[1] Alternatively, Plaintiff was advised that he could file a notice of his voluntary dismissal of this case, or a clear statement indicating his refusal to comply with the requirement to submit a second amended complaint.  Doc. 34.

Case No. 4:14cv359-MW/CAS

Plaintiff has not complied. Instead, Plaintiff has filed a motion for leave to proceed in forma pauperis on appeal. Doc. 37. Because Plaintiff's attempted appeal is frivolous, the motion for in forma pauperis status on appeal should be denied.

Moreover, because Plaintiff has not complied with the orders of this Court and has not filed a second amended complaint as required, it is further recommended that this case be dismissed.

## ORDER

Accordingly, it is hereby **ORDERED** that Plaintiff's motion for recusal, doc. 36, is **DENIED**.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis on appeal, doc. 37, be **DENIED.** It is further **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders and failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2015.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv359-MW/CAS